

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. B. Camiade
Assistant Secretary
Texas State Parks Board
Austin, Texas

Dear Sir:　　　　　　　　Opinion No. O-7180

　　　　　　　　　　Re: Whether or not Article 928b, V.A.P.C.
　　　　　　　　　　is repealed by Art. 927a, V.A.P.C.
　　　　　　　　　　and related questions.

　　　Your recent request for an opinion of this Department reads, in part, as follows:

　　　"The first question which we respectfully request an opinion upon is whether section 5 of Article 927a repeals Article 928b (Penal Code of Texas). If Article 927a does not repeal Article 928b, then we respectfully request an opinion as to whether or not, under the terms of Article 928b, the caretaker of a state park has the authority to further limit the general law in regard to the number of fish which may be caught, and, also whether or not, he has the authority to require that fish caught be larger in length than the minimum set by law in order not to exhaust the supply of fish available in the park waters.

　　　"If Article 927a does not repeal Article 928b, then do the following situations constitute 'waters which are within the confines of any public park under the control of the Texas State Parks Board?'

　　　"(a) That portion of a river flowing through a state park.

　　　"(b) A lake lying wholly within a state park and formed by impounding the water of a stream flowing through a state park.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. B. Camiade, page 2

"(c) That portion of a lake lying within a state park even though the balance of the lake is outside of the park."

Acts 1945, 49th Legislature, page 13, chapter 9, appearing as Article 927a, Vernon's Annotated Penal Code of Texas, reads as follows:

"Section 1. There shall be no closed season or period of time when it shall be unlawful to take, catch or retain fresh water fish by the use of ordinary hook and line or artificial lures. Other devices, the use of which is permitted by law, may be used for the purpose of taking fresh water fish at any time of the year, but only in compliance with such other restrictions as are placed on their use by the laws of this state.

"Sec. 2. It shall be unlawful for any person to take from public fresh waters and retain, or place in any container, boat, creel, livebox or on any fishstringer any large-mouth black bass, small-mouth black bass, spotted bass, or any sub-species of large-mouth black bass, small-mouth black bass, spotted bass, that is less than seven (7) inches in length.

"Sec. 3. It shall be unlawful for any person in any one day to catch and retain, or to place on or in any device or container for holding same while he is fishing, any fish that is taken from the public fresh waters of this state in excess of the following limits: large-mouth black bass, small-mouth black bass, spotted bass, or any sub-species of the same, singly or in the aggregate, fifteen (15), of which not more than ten (10) shall be of greater length than eleven (11) inches; white bass, twenty-five (25); blue catfish, channel catfish and yellow catfish, singly or in the aggregate, twenty-five (25); crappie or white perch, twenty-five (25).

"Section 4. Any person who violates any provisions of this Act, upon conviction shall be fined in a sum not less than Five ($5.00) Dollars, nor more than Fifty ($50.00) Dollars.

Honorable K. B. Camiade, page 3

"Sec. 5. All laws or parts of laws, local, general or special, insofar as they provide a closed season or period of time when it is unlawful to take or catch fish or to use artificial lures, or insofar as they provide a size limit, possession limit or daily catch limit, or otherwise conflict with any provision of this Act, shall be and the same are hereby repealed; except that nothing herein contained shall repeal Chapter 213, House Bill No. 654, Regular Session, 48th Legislature, or regulations made thereunder to govern the taking of fish in Lake Texoma, which is the body of water impounded by the dam at Denison, Texas."

Acts 1941, 47th Legislature, page 1410, chapter 642, paragraph 1, appearing as Article 928b, Vernon's Annotated Penal Code of Texas, reads as follows:

"Whoever shall take, catch, ensnare, or trap any fish by any means whatsoever in any waters which are within the confines of any public park under the control of the Texas State Parks Board, without the consent of the keeper, caretaker, or superintendent of said public park, shall be fined not exceeding One Hundred Dollars ($100). Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this Act." (Emphasis added)

It will be noted that the Legislature in the next-above-quoted statute has vested in the keepers, caretakers or superintendents of public parks the sole discretionary power of saying who may and who may not fish in the waters therein impounded. In no way does the Legislature set up standards or restrictions to be followed by said caretakers, but rather it subjects those citizens desiring fishing privileges to the whims of an administrative officer.

This being true, we deem it inescapable that Article 928b, Vernon's Annotated Penal Code, must first be considered in the light of its constitutionality before any endeavor to answer your questions in the order in which they are propounded. We advance this proposition for the self-evident reason that should Article 928b, Vernon's Annotated Penal Code, fail to meet the well-defined tests of constitutionality, it would render moot your inquiry concerning its repeal by Article 927a, Vernon's Annotated Penal Code, supra.

Honorable E. B. Camiade, page 4


With this premise in mind, we invite to your attention the following pertinent authorities:

Section 215, page 924, Volume 11 of American Jurisprudence, reads, in part, as follows:

"One of the most important tests as to whether particular laws amount to an invalid delegation of legislative power is found in the completeness of the statute as it appears when it leaves the hands of the legislature. The generally recognized principle is that a law must be so complete in all its terms and provisions when it leaves the legislative branch of the government that nothing is left to the judgment of the electors or other appointee or delegate of the legislature. The rights, duties, privileges, or obligations granted or imposed must be definitely fixed or determined, or the rules by which they are to be fixed and determined must be clearly and definitely established, when the act is passed by the legislature and approved by the governor. The law must be perfect, final, and decisive in all of its parts, and the discretion which is given must relate only to execution. One court has laid down the rule that in considering whether a section of a statute is complete or incomplete, the test is whether the provision is sufficiently definite and certain to enable one reading it to know his rights and obligations thereunder." (Emphasis ours)

Section 234, page 947, Volume 11, of American Jurisprudence, reads, in part, as follows:

"* * * Any law which authorizes the issuing or withholding of licenses, permits, or approvals or sanctions other administrative functions in such a manner as the designated officials arbitrarily choose, without reference to all of the class to which the law under consideration was intended to apply and without being controlled or guided by any definite rule or specified conditions to which all similarly situated may conform, is unconstitutional and void. * * *" (Emphasis added)

Section 420, page 911, Volume 12 of Corpus Juris, reads as follows:

Honorable E. B. Camiade, page 5

"The legislature may authorize a particular board of officers who have charge of a portion of the affairs of the state or a city, such as a board of health, of police, or of cattle commissioners, to make reasonable police rules and regulations. But it cannot abdicate its own police power on any subject and confer such power on a board to be exercised according to the uncontrolled discretion of such board."

In conformity with these general statements of the law, we quote from the case of Brown vs. Humble Oil & Refining Company, 83 S. W. (2d) 935, as follows:

"* * * The power to pass laws rests with the Legislature, and that power cannot be delegated to some commission or other tribunal. Article 2 and section 1 of article 3 of the Constitution; Langever v. Miller, 124 Tex.___, 76 S.W. (2d) 1025, 96 A. L. R. 836, and authorities cited; Panama Ref. Co. v. Ryan, 293 U. S. 388, 55 S. Ct. 241, 79 L. Ed. ____; A. L. A. Schechter Poultry Corp. v. U. S., 55 S. Ct. 837, 79 L. Ed. ____." (Emphasis added)

The impetus giving rise to the creation of the above-cited authorities stems from the decisions construing Article 3, Section 1, of the Texas Constitution which provides as follows:

"Section 1. The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"

In applying these well-founded prohibitions and tests to the instant statute, it is apparent that the Legislature has not only failed to prescribe standards or restrictions to which the keeper or caretaker of public parks must adhere, but also has delegated to an administrative officer the sole discretion in legislating on the inherent rights of citizens; i. e., to arbitrarily legislate by declaring who may and who may not fish in waters impounded in state parks, and thereby render the violator subject to a fine of One Hundred Dollars ($100).

Honorable K. B. Camiade, page 6

It therefore logically follows that in the opinion of this Department Article 928b, V. A. P. C., wholly fails to meet the required test of constitutionality and is thereby void.

In view of this holding, we feel it is self-evident that a further discussion of the questions raised in your inquiry is unnecessary.

APPROVED MAY 1945
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Bob Maddox
             Assistant

BM/JCP



APPROVED
OPINION COMMITTEE
BY 73
CHAIRMAN